# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

SCOTT DOUGLAS MACCONOMY,

    Debtor.

Case No. 10-16944-RGM
(Chapter 13)

## MEMORANDUM OPINION

THIS CASE is before the court on the trustee's objection to confirmation of the debtor's chapter 13 plan on the ground that it violates the liquidation test. 11 U.S.C. §1325(a)(4). The objection is well taken and confirmation will be denied.

## Positions of the Parties

The chapter 13 trustee asserts that the plan does not satisfy the liquidation test because the debtor did not take into account the value of his one-half interest in his home that he conveyed to his wife five months before filing his petition in this case. 11 U.S.C. §1325(a)(4). The chapter 13 trustee asserts that the conveyance could be avoided by a chapter 7 trustee, if the case had been filed under chapter 7, and the proceeds of the recovery would be available to pay unsecured creditors in the chapter 7 case. The trustee concludes that because the debtor did not include the value of his interest in the home in his chapter 13 plan, the plan failed to meet the liquidation test.

The debtor, on the other hand, asserts that the property was held by his wife and him as tenants by the entirety with the common-law right of survivorship. Since there are no joint debts, it was exempt from creditors and the chapter 7 trustee would not be able to avoid the transfer. *Vasilion v. Vasilion,* 192 Va. 735, 66 S.E.2d 599, 602 (1951); *Hausman v. Hausman,* 233 Va. 1, 353

1

S.E.2d 710, 711 (1987); *Williams v. Peyton (In re Williams),* 104 F.3d 688 (4th Cir.1997*)*; *Sumy v. Schlossberg (In re Sumy),* 777 F.2d 921 (4th Cir.1985). The value of the property conveyed, the debtor concludes, should not be included in the liquidation test.

## Factual Background

The determining issue is whether the debtor and his wife held their home as tenants by the entirety or as tenants in common. The facts are straight-forward. The debtor and his mother-in-law acquired the property by a deed dated November 19, 1992. They owned the property as tenants in common, each with a undivided one-half interest. On June 16, 2005, the debtor's mother-in-law conveyed her one-half interest to her daughter. On March 3, 2010, the debtor conveyed his one-half interest to his wife.[1]

## Discussion

Virginia law requires five unities to create a tenancy by the entirety estate. In *Gant v. Gant,* the Virginia Supreme Court stated:

> Tenancies by the entirety are based upon five unities: those of title, estate, time, possession, and persons. The unity of persons relates to marriage and embodies the common-law fiction that husband and wife are one.

*Gant v. Gant,* 237 Va. 588, 591, 379 S.E.2d 331, 332-333 (1989) (citing 2 Minor on Real Property §§839, 853 (F. Ribble 2nd ed.1928)). *See also Rogers v. Rogers,* 257 Va. 323, 326, 512 S.E.2d 821, 822 (1999); *Funches v. Funches,* 243 Va. 26, 413 S.E.2d 44 (1992); *Jones v. Conwell*, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984) (citing 2 *Minor on Real Property* §847 (F. Ribble 2nd ed. 1928)).

---

[1] A default judgment was entered in state court against the debtor in favor of United States Senate Federal Credit Union on March 10, 2010, in the amount of $68,656.15 plus attorney's fees. Shortly after the judgment was entered, the credit union filed suit in state court seeking to avoid the transfer. The debtor filed his petition in this case on August 18, 2010. There is significant equity in the property. Both the June 16, 2005 and the March 3, 2010 conveyances were without consideration. None of the deeds contains a reference to survivorship.

The debtor argues he and his wife became tenants by the entirety upon his mother-in-law conveying her interest to his wife. At that point, he says, the five unities were present and they held the property as tenants by the entirety. The argument is not well-taken.

*Minor on Real Property,* a treatise that the Virginia Supreme Court frequently cites, expressly addresses the question of when the unities must be present. Minor states:

> The properties of a joint estate are derived from its *unity*, which, as Blackstone remarks, is fourfold, the unity of interest, the unity of title, the unity of time, and the unity of possession, or more properly, entirety of interest; in other words joint tenants have one and the same interest or estate, arising by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession.

2 *Minor on Real Property,* §839 (F. Ribble 2nd ed. 1928).

Minor cites Blackstone's *Commentaries on the Laws of England*, among other authorities, in support of this proposition. Blackstone states:

> *The properties* of a joint estate are derived from its unity, which is fourfold; the unity of *interest,* the unity of *title,* the unity of *time,* and the unity of *possession:* or, in other words, joint-tenants have one in the same interest, accruing by one and the same conveyance, commencing at one in the same time, and held by one in the same undivided possession.

Blackstone, 2 *Commentaries on the Laws of England* at 180.

Minor discusses the unity of title. He states:

> The estate of joint tenants must be created by one and the same act, whether legal or illegal; as by one and the same grant, or one and the same disseisin.

*Id.* §840.

The cases and the treatises show that the five unities necessary to establish a tenants by the entirety – interest, title, time, possession and marriage – must be present at the creation of the estate.

3

In this case, none of the unities existed at the time of the conveyance of the debtor's mother-in-law's one-half interest to her daughter, the debtor's wife, except the unity of marriage.[2]

**Conclusion**

The debtor and his wife held the property as tenants in common and the March 5, 2010 voluntary conveyance could be avoided under Va.Code (1950) §55-81 and 11 U.S.C. §548. The value of the debtor's one-half interest in the home must be included in the liquidation test.

Confirmation of the debtor's chapter 13 play will be denied.

Alexandria, Virginia
February 3, 2011

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Gregory M. Wade
Thomas P. Gorman
John P. Van Beek

16630

---

[2] In this case the debtor and his wife obtained their one-half undivided interests at different times and from different sources. This is different than if the debtor and his mother-in-law had conveyed the entire property to the debtor and his wife as tenants by the entirety on June 16, 2005. As it was, the mother-in-law only conveyed her one-half interest to her daughter, the debtor's wife. The debtor did not join in the deed.

A second problem with the June 16, 2005 deed is that no right of survivorship between the debtor and his wife was mentioned in the deed. *In re Massey,* 225 B.R. 887, 896 (Bankr.E.D.Va.1998) (discussing personal property); *In re Manicure,* 29 B.R. 248, 250-251 (Bankr.W.D.Va. 1983). At common law, survivorship was an inherent attribute to a joint tenancy. The Virginia General Assembly eliminated the common-law right of survivorship unless it "manifestly appears from the tenor of the instrument transferring such property." Va.Code (1950) §55-21. *See In re Sampath,* 314 B.R. 73, 89 n.24 (Bankr.E.D.Va. 2004). Without survivorship, a tenancy in common is created, not a joint tenancy or a tenancy by the entirety. The only exception to expressing the intent to create survivorship is Va.Code (1950) §55-20.2 which provides that the intent of survivorship is inherent in the terms "tenants by the entireties" and "tenants by the entirety" and that no further language is necessary.

4