```
              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division


IN RE:                              )
                                    )
     SCOTT DOUGLAS MACCONOMY,       )    Case No. 10-16944
                                    )        (Chapter 13)
               Debtor.              )
```

OBJECTION TO CONFIRMATION OF FOURTH AMENDED CHAPTER 13 PLAN

COMES NOW the United States Senate Federal Credit Union (hereinafter the "Credit Union"), by and through counsel, and submits its objection to the Fourth Amended Plan filed by the debtor in the above matter, and for grounds therefor states as follows:

1. On July 20, 2011, the debtor, Scott Douglas MacConomy, filed yet another Chapter 13 Plan in this case, having previously filed his original plan on August 31, 2010 through counsel, and three (3) amended plans filed pro se on May 4, 2011, May 9, 2011 and May 16, 2011[1]. This Court denied confirmation of all of the prior plans.

2. On August 31, 2010 the Credit Union filed two (2) claims in this case, both of which arise out of a judgment taken in the Circuit Court for the City of Alexandria in Case No. CL 09004672 on Mach 10, 2010. As of July 29, 2011 the Credit Union's claims were in the total amount of $92,706.95, which sum includes interest

---

[1] It appears that there were 2 actual plans filed by the debtor during this period, with one being duplicative of another, hence the characterization of the plan as the "Fourth" rather than the "Fifth" Amended Plan.

through that date, but does not include the Credit Union's attorney's fees that exceed the amounts awarded in the Circuit Court judgment. Interest accrues on the judgment at a daily rate of $17.46 from July 30, 2011.

    3.    As determined by this Court's Order of February 3, 2011, the debtor owns 50% of the real property located at 513 N. Pickett Street, Alexandria, VA (the "Property"), with his wife owning the remaining 50%. The 2011 assessment of the Property is $415,290.00, and there is a mortgage secured by the Property in the amount of $100,864.90 presently held by PNC Mortgage. The only other lien on the Property is the Credit Union's judgment lien, which is therefore fully secured.

    4.    The latest Plan filed by the debtor proposes to pay the Credit Union $80,000.00 in full satisfaction of its claims within 1 year of the date of confirmation. This is clearly violative of §1325(a)(5) of the Bankruptcy Code, as the Credit Union has not accepted the plan, the value of the property to be distributed under the plan on account of the Credit Union's claim is well less than the allowed amount of such claim, and the debtor does not propose to surrender the Property securing the Credit Union's claim to it.

    5.    The Credit Union's claims earn interest at a monthly rate of $523.80, the calculations being based on a 30 day month. The debtor's latest Plan proposes to pay $1,210.00 for 1 month, and $222.00 for the next 11 months. In essence, this means under the

Plan, the Credit Union's claim will continue to grow while it waits up to 1 year for the debtor's mother to sell her property to fund the Plan. There is of course nothing that the Plan or this Court can do to compel the debtor's mother to actually sell her property, nor is there sufficient information in the plan as proposed to determine where her property is located, what it is worth, or whether there is any likelihood that sufficient proceeds will be generated by the sale to fund what is presently an underfunded plan. For these reasons alone, this plan cannot be confirmed as presented.

6. Finally, the debtor's track record in terms of his cooperation with counsel, his compliance with the rules and orders of this Court, and his general willingness to utilize Chapter 13 of the Bankruptcy Code as it is intended to be used is extremely poor, and from this latest plan there is no reason to believe that any aspects of his conduct will improve. To his credit, the debtor will have succeeded in delaying the Credit Union's efforts to sell the Property for over a year once the latest confirmation hearing is held, and has done so without making a single payment to the Credit Union. But enough is enough. It is time to bring this case to a close, and this should be accomplished by denying confirmation of the plan dated July 20, 2011 without leave to amend, and by dismissing this case with prejudice.

WHEREFORE, the above premises considered, the United States Senate Federal Credit Union requests this Court to deny

confirmation of the Fourth Amended Chapter 13 Plan as proposed by the debtor, Scott Douglas MacConomy, without leave to amend, and that this case be dismissed with prejudice, as well as for such further and additional relief as the nature of the case may require, and which this Honorable Court shall deem just and proper.

                                         UNITED STATES SENATE FEDERAL CREDIT UNION
                                         By Counsel

GOLDMAN & VAN BEEK, P.C.


By:   /s/ John P. Van Beek
       John P. Van Beek
       Holly A. Currier
       510 King Street, Suite 416
       P.O. Box 1946
       Alexandria, VA 22313-1946
       (703) 684-3260

Attorneys for the United States
 Senate Federal Credit Union


## CERTIFICATE OF SERVICE

     I hereby certify that on the 27th day of July, 2011, a true copy of the foregoing was served electronically on Thomas P. Gorman, Esq., 300 N. Washington Street, Suite 400, Alexandria, VA 22314, Madeline A. Trainor, Esq., 100 North Pitt Street, Suite 200, Alexandria, VA 22314, and by first-class mail, postage prepaid, on Scott Douglas MacConomy, 513 N. Pickett Street, Alexandria, VA 22304-2107.


                                          /s/ John P. Van Beek
                                          John P. Van Beek